**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

James L. Bridgmon,            Case No. 3:10-cv-02735

    Plaintiff

v.            **ORDER**

John Biery, et al.,

    Defendants

This case involves a prison inmate, James L. Bridgmon, who seeks damages for the denial of proper medical care and treatment while he was in pretrial custody in the Allen County, Ohio, jail.

This court has jurisdiction of Bridgmon's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

Pending are defendants' motion for summary judgment, [Doc. 16], plaintiff's motion to dismiss his present appointed counsel, [Doc. 19], defendants' motion to strike plaintiff's response to counsel's response to defendants' motion for summary judgment, [Doc. 32], plaintiff's motion for leave to address the court *pro se*, [Doc. 38], and plaintiff's motion for leave to file a supplement on the issue of ineffective assistance of counsel. [Doc. 39]. For the following reasons, I grant defendants' motion for summary judgment, and deny all other motions as moot.

**Background**

Bridgmon was an inmate at the Allen County Jail in 2009. He alleges that he was denied medical care while there from July 23 to December 18, 2009. He states he is H.I.V. positive, and requires numerous medications to slow the progression of his disease. He alleges that he informed medical staff officer Jane Doe[1] about his condition, but she was unreceptive to his requests for his prescriptions. He asserts that a female corrections officer came to his cell door and instructed him to be quiet. When he protested, a male corrections officer sprayed him with pepper spray.

Thereafter, Bridgmon persisted in his daily requests for his medications. He claims Glenna Upshaw, R.N., told him several times that he would not receive them. His father brought the medications to the jail, but Bridgmon was not permitted to have them. He states he asked the judge in his criminal case to intervene and, though the judge told the jail staff to give Bridgmon his medications, his jailors refused to do so.

Bridgmon states that he attended H.I.V. testing offered by the jail knowing he would test positive. He claims that when Upshaw saw him, she became upset and refused to test or treat him. He contends she wanted him removed from the infirmary so she pressed her "man down" button to notify security of a threat to her safety. Corrections officers arrived and sprayed Bridgmon with pepper spray. He indicates that fearing similar reprisals, he did not mention his medications for the remainder of his incarceration in the Allen County Jail.

Bridgmon never filed a grievance using the inmate grievance procedure, either during or after his stay in the Allen County Jail.

On December 18, 2009, Bridgmon was transferred to the Corrections Reception Center.

---

[1] This is an alias for the corrections officer whose identity is unknown, according to Bridgmon's pleadings.

On December 3, 2010, Bridgmon filed this action, alleging violations of 42 U.S.C. § 1983 by John Biery, M.D., and Glenna Upshaw, R.N. (now Glenna Davis).[2] Bridgmon claims that the alleged refusal of jail personnel to provide him with certain medication violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments. Bridgmon also brought several state law claims under the following theories: negligent, willful, wanton, and reckless conduct; assault and battery; and intentional infliction of emotional distress.

## Discussion

Defendants move for summary judgment on the federal claims based on failure to exhaust under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. They move for summary judgment on the state claims on the basis of state immunity. Both arguments are persuasive.

A party is entitled to summary judgment on a motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

---

[2] Bridgmon also initially brought suit against the Allen County Board of Commissioners and Allen County Sheriff Samuel Crish for failure to adequately train and supervise their employees. I dismissed those defendants from the action pursuant to 28 U.S.C. § 1915(e). [Doc. 4].

In deciding a motion for summary judgment, I accept the opponent's evidence as true and construe all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of a material fact. *Celotex*, *supra*, 477 U.S. at 323.

### 1. Failure to Exhaust under the PLRA

The Prison Litigation Reform Act does not allow for actions "brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

An inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is "not required to specially plead or demonstrate exhaustion in [his] complaint[]." *Jones v. Bock*, 549 U.S. 199, 216 (2007). On a motion for summary judgment, however, the inmate plaintiff must make some showing once the defendants establish a *prima facie* showing that the plaintiff had a means of redress which he did not exercise. *Napier v. Laurel County, Kentucky*, 636 F.3d 218, 225 (6th Cir. 2011) (requiring an inmate plaintiff to present "significant probative evidence to defeat the motion for summary judgment" on grounds of failure to exhaust) (internal quotation marks omitted).

Defendants have established that the Allen County Jail has a formal grievance procedure: the Inmate Rules of Conduct describe the procedure. Defendants provided three separate conduct reports which include Bridgmon's signature immediately below the statement, "Rules and Regulations Read." [Doc. 16, Exh. C].

Bridgmon does not deny that he did not file a grievance through the proper procedure, but maintains that exhaustion should not prohibit his claims because first, he did inform certain

4

authorities of his medical issues, and second, he did not know about the grievance procedure at Allen County Jail.

Construing the record in favor of Bridgmon, it might be true that he reported his medication access concerns to his attorney and to a Common Pleas Court judge. This is not enough, however, under the PLRA. "'The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *Napier*, *supra*, 636 F.3d at 223-24 (quoting *Braswell v. Corr. Corp. of Am.*, 2009 WL 2447614, at *7 (M.D. Tenn.)).

Bridgmon does not assert that he tried to file a formal grievance, which was in turn unavailable to him for some reason. Bridgmon has provided no reason to believe that defendants stopped him from filing a formal grievance, or that his failure to exhaust should be excused beyond his assertion that he did not know about the procedure, discussed *infra*.

Bridgmon's reliance on *Holbrook v. Boyd County, Ky.*, 434 Fed. Appx. 472 (6th Cir. 2011) (unpublished disposition), is misplaced. In *Holbrook*, the plaintiff stated in his affidavit that he had filed a formal grievance in compliance with the procedure, but it was not recorded, and that the defendant Detention Center had a history of throwing away grievances without first responding. *Id.* at 474. The Sixth Circuit held that there was a genuine issue of material fact because the defendants maintained that Holbrook had never filed a grievance, while Holbrook stated he had. *Id.* at 474-75.

Bridgmon's situation is not like that of the plaintiff in *Holbrook*. Bridgmon does not maintain that he filed a grievance in compliance with the regulations, nor that the defendants have a history of ignoring grievances. Allowing Bridgmon to bypass the exhaustion requirement would defeat the purpose of the PLRA: "'to promote administrative redress, filter out groundless claims, and foster

better prepared litigation of claims aired in court.'" *Napier*, *supra*, 636 F.3d at 222 (quoting *Porter v. Nussle*, 534 U.S. 516, 528 (2002)).

Bridgmon's arguments that he was not aware of the grievance procedure also do not excuse his failure to exhaust. "A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier*, *supra*, 636 F.3d at 221 n. 2 (citing *Brock v. Kenton Cty.*, 93 Fed. Appx. 793, 797-98 (6th Cir. 2004) (unpublished disposition)). Bridgmon attempts to cast doubt upon the record of formal grievances the defendants provided in their motion for summary judgment, stating that there are too few medical-related complaints. This assertion is without merit, however, as he does not argue that he knows of grievances filed that are not reported in the records provided. The so-called low number of grievances is not enough to suggest that the grievance procedure was unavailable to Bridgmon.

There is no genuine issue of material fact regarding Bridgmon's failure to exhaust, and summary judgment in favor of the defendants is appropriate as to Bridgmon's constitutional claims.

### 3. State Immunity

Employees of Ohio political subdivisions are immune from civil liability for damages arising from injury, death or loss to persons caused by any act or omission of the political subdivision or its employees in connection with the performance of a governmental or proprietary function. O.R.C. § 2744.02(A)(1). Bridgmon does not dispute that the operation of a jail is a governmental function, and defendants are therefore immune from liability under the statute, subject to its exceptions.

The statute provides that employees are immune from liability unless one of three exceptions apply:

>(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
>(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
>(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.

O.R.C. § 2744.03(A)(6).

Bridgmon does not claim that either the first or third exception applies, but only the second. Bridgmon argues that the actions he alleged in his complaint, such as Upshaw's repeated failure to provide him with his medication, constituted reckless and wanton conduct.

Wanton conduct is defined as the "failure to exercise any care whatsoever. . . [T]he actor must be conscious that his conduct will in all probability result in injury." *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356 (Ohio 1994) (internal citations omitted). Ohio courts have adopted the Restatement's standard for recklessness: "'The actor's conduct is in reckless disregard of the safety of others if such risk is substantially greater than that which is necessary to make his conduct negligent.'" *Id.* (quoting *Thompson v. McNeill*, 53 Ohio St.3d 102, 104-05 (Ohio 1990)).

Bridgmon fails to demonstrate that defendants' conduct reaches any of the levels described in wanton or reckless conduct - indeed, Bridgmon fails to show anything beyond the assertions he made in his initial complaint. It is well-established that "mere allegations" recycled from a party's pleadings are insufficient to defeat a motion for summary judgment. Fed. R. Civ. P. 56(e). As defendants point out, Bridgmon does not make any specific allegations - verified or not - about Dr. Biery. Bridgmon also fails to support his initial allegations against Upshaw and the unnamed correctional officers with any additional evidence.

7

Bridgmon's response does not support his allegations about defendants, let alone show that there is a genuine issue of material fact whether defendants acted in a wanton or reckless manner. It is appropriate to grant summary judgment in favor of the defendants on the state law claims on the basis of statutory immunity.

**Conclusion**

For the foregoing reasons it is therefore,

ORDERED THAT:

1. Defendants' motion for summary judgment be, and the same hereby is, GRANTED.

2. All other pending motions be, and the same hereby are, denied as moot.

So ordered.

s/James G. Carr
Sr. United States District Judge
